UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY WARDELL,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  1:21-cv-00349-BAM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)**<br><br>(Doc. 22) |

Currently before the Court is the motion for attorney fees filed by Steven G. Rosales ("Counsel"), attorney for Plaintiff Mary Wardell ("Plaintiff"), on September 19, 2023.  (Doc. 22.)  Counsel requests fees in the amount of $11,316.00 pursuant to 42 U.S.C. § 1383(d)(2)(B), with a credit for fees previously paid pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id.*)  Plaintiff has not objected to the fee request.  On September 25, 2023, the Commissioner of Social Security ("Commissioner") filed a response to the motion.  (Doc. 23.)

**I.      Relevant Background**

On March 8, 2021, Plaintiff filed this action challenging the denial of disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. 1.)  On April 11, 2022, pursuant to the parties' stipulation, the Court issued an order reversing the Commissioner's denial of benefits and remanding the action for further proceedings.  (Doc. 18.)  Judgment was entered in Plaintiff's favor.  (Doc. 19.)  On June 30, 2022, the Court approved the parties' stipulation to award EAJA

fees in the amount of $2,000.00.  (Doc. 21.)

On remand, an administrative law judge issued a fully favorable decision.  (Doc. 22-2, Ex. 2 to Declaration of Steven G. Rosales ("Rosales Decl.").)  Supplemental security income past benefits were awarded in the amount of $45,265.36; 25% of that amount is $11,316.34.  (Doc. 22-3, Ex. 2 to Rosales Decl.)  Counsel previously received payment of $2,000.00 in EAJA fees.  (Doc. 22 at 1) ("the EAJA fees previously paid in the amount of $2,000.00.")

In the motion, Counsel seeks approval of attorney fees in the amount of $11,316.00, which is equal to approximately 25% of the past due benefits as provided by the applicable contingent-fee agreement.[1]  (Doc. 22 at p. 1.)  Counsel contends this fee is reasonable considering the nature of the representation and the results achieved.  (*Id.* at p. 3.)  Plaintiff did not file any objection to Counsel's request.  The Commissioner provided an analysis of the fee request and takes no position on the reasonableness of that request.  (Doc. 23.)

**II.     Legal Standard**

A motion for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2) is for all relevant purposes treated the same as a motion for fees under 42 U.S.C. § 406(b).  *See Barrera Aguilar v. Saul*, No. CV 16-7565 SS, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019) ("[T]he same standards generally apply to both provisions, as § 1383(d)(2) largely incorporates § 406."); *see also Flores v. Comm'r of Soc. Sec.*, No. 2:15-cv-2676-KJN, 2022 WL 3969574, at *1–2 (E.D. Cal. Aug. 31, 2022) (relying on the case law and standards applicable to § 406(b) motions in considering motion under § 1383(d)(2)).  The Court will therefore rely on the same standards and case law applicable to §406(b) motions.

Under § 406(b), an attorney who successfully represents a Social Security benefits claimant in court may be awarded "a reasonable fee ... not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants in court). "Like § 406(b), § 1383(d)(2) authorizes a reasonable fee for

---

[1] Counsel's motion seeks "an order paying the fee of $11,316.00 less the $2,000.00 for EAJA fees previously paid by the Commissioner for a net fee award of $9,316.00."  (Doc. 22 at p. 1.)

attorneys who represent a successful social security claimant in federal court, up to a maximum of 25% of the total past-due benefits awarded by the Commissioner." *Flores*, 2022 WL 3969574, at *2 (citing 42 U.S.C. § 1383(d)(2)(B)).  A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807.

### III.   Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Counsel's requested fees to be reasonable. In support of the motion for attorneys' fees, Counsel attached the fee agreement which provided for a contingent fee of 25% of the past-due benefits.  (Doc. 22-1.)  Counsel accordingly accepted the risk of loss in the representation. Counsel additionally expended a total of 10.8 hours while representing Plaintiff before the district court, for an effective hourly rate of $1,047.78.  (Doc. 22-4; Rosales Decl. at ¶ 5 and Ex. 4.)  As a result of Counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner subsequently awarded Plaintiff benefits.

The aggregate requested fee amount will not exceed the applicable maximum of 25%, and the effective hourly rate sought here is lower than rates approved by other courts under section 406(b).  *See*, *e.g.*, *Jacomet v. Kijakazi*, No. 2:18-cv-0199 DB, 2023 WL 5723085, at *2 (E.D. Cal. Sept. 5, 2023) (finding effective hourly rate of $2,005.06 on the higher end, but not unreasonable or amounting to windfall); *Gurule v. Kijakazi*, No. 1:19-cv-00658-GSA, 2022 WL 16820356, at

*2 (E.D. Cal. Nov. 8, 2022) (finding effective hourly rate of $1,310.54 consistent with rates approved by other courts under § 406(b)); *Gibson v. Kijakazi*, No. 1:18-cv-00495-GSA, 2022 WL 686381, at *2 (E.D. Cal. Mar. 8, 2022) (finding effective hourly rate of $1,052.63 consistent with rates approved by other courts under § 406(b)).

Counsel provided a copy of the motion for attorney's fees to Plaintiff. (Doc. 22 at p. 11.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a remand for further proceedings, including a subsequent award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount will not exceed twenty-five percent of the maximum permitted under 42 U.S.C. §§ 1383(d)(2)(B) and 406(b).

The award of fees is offset by any prior award of attorney fees granted under the EAJA. *Aguilar v. Comm'r of Soc. Sec.*, No. 1:17-cv-01482-SAB, 2019 WL 6211280, at *3 (E.D. Cal. Nov. 21, 2019) (citations omitted). Counsel has previously been awarded $2,000.00 in EAJA fees and the award of fees here must be offset in that amount.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for attorney fees (Doc. 22) is GRANTED;

2. The Court approves an attorney fee award of $11,316.00 pursuant to 42 U.S.C. § 1383(d)(2)(B);

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $2,000.00 as an offset for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **October 12, 2023**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE